UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OMAR REMACHI, JUAN PAULO ESCALANTE,   Civil Action No.
and LINO LEON,

                        Plaintiffs,

   -against-

BRZOZKA INDUSTRIES INC., and
WALDEMAR BRZOZKA,

                        Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiffs, Omar Remachi, Juan Paulo Escalante, and Lino Leon, as and for their Complaint against Defendants, Brzozka Industries Inc. and Waldemar Brzozka, respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Omar Remachi ("Remachi"), was employed by Defendants as a welder from on or about November 2009 to on or about February 16, 2016 with the exception of the time period of June 2014 through September 2014.

6. Plaintiff, Juan Paulo Escalante ("Escalante"), was employed by Defendants as a welder from on or about May 2010 through on or about February 23, 2016.

7. Plaintiff, Lino Leon ("Leon"), was employed by Defendants as a welder from on or about September 25, 2009 through on or about March 29, 2016.

8. Defendant Brzozka Industries Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Brzozka Industries Inc. maintains a place of business located at 790 Broadway Avenue, Holbrook, New York.

10. Upon information and belief Defendant, Waldemar Brzozka, is a resident of the State of New York.

11. At all relevant times, Waldemar Brzozka was and still is a corporate officer of Brzozka Industries Inc. Upon information and belief, at all times relevant, Waldemar Brzozka exercised operational control over Brzozka Industries Inc., controlled significant business functions of Brzozka Industries Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Brzozka Industries Inc. in devising, directing, implementing, and supervising the wage and hour practices

and policies relating to the employees. As such, at all relevant times, Waldemar Brzozka has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

12. At all times relevant to this action, Remachi was employed as a welder for the benefit of and at the direction of defendants.

13. Remachi's responsibilities included welding and cleaning tools.

14. From the beginning of his employment through 2010, Remachi worked six days a week.

15. During this time, Remachi's work schedule was as follows: Monday through Saturday from 7:00 a.m. to 11:00 p.m. with a half hour break for lunch.

16. During this time, Remachi worked 93 hours a week.

17. From 2011 through 2013, Remachi worked five days a week for 2 weeks out of each month and six days a week during the other 2 weeks of each month.

18. During this time, Remachi's work schedule was as follows: Monday through Friday from 7:00 a.m. to 7:30 p.m. with a half hour lunch break, and two Saturdays each month from 8:00 a.m. until 3:30 p.m.

19. During this time, Remachi worked 60 hours each week that he worked 5 days and 67.5 hours each week that he worked 6 days.

20. From 2014 until the end of his employment, Remachi worked 6 days a week.

21. During this time, Remachi's work schedule was as follows: Monday through Friday from 7:00 a.m. to 6:00 p.m. with a half hour lunch break and Saturdays from 8:00 a.m. to 3:30 p.m.

22. During this time, Remachi worked 60 hours a week.

23. At all times relevant to this action, Escalante was employed as a welder for the benefit of and at the direction of defendants.

24. Escalante's responsibilities included welding and cleaning tools.

25. During his employment, Escalante worked six days a week.

26. From the beginning of his employment until 2014, Escalante's work schedule was as follows: Monday through Saturday from 7:00 a.m. to at least 7:00 p.m. and sometimes as late as 10:00 p.m. with a half hour lunch break.

27. During this time, Escalante worked at least 69 hours a week.

28. From 2014 until the end of his employment, Escalante's work schedule was as follows: Monday through Friday from 7:00 a.m. to at least 7:00 p.m. and sometimes as late as 10:00 p.m. with a half hour lunch break and Saturdays from 8:00 a.m. to 5:00 p.m. with a half hour lunch break.

29. During this time, Escalante worked at least 66 hours a week.

30. At all times relevant to this action, Leon was employed as a welder for the benefit of and at the direction of defendants.

31. Leon's responsibilities included welding and cleaning tools.

32. During his employment, Leon worked six days a week.

33. From the beginning of his employment until 2014, Leon's work schedule was as follows: Monday through Friday from 7:00 a.m. to 7:00 p.m. with a half hour lunch break and Saturday from 7:00 a.m. to 3:30 p.m. and sometimes as late as 5:00 p.m. with a half hour lunch break.

34. During this time, Leon worked at least 65.5 hours each week.

35. From 2014 until the end of his employment, Leon's work schedule was as follows: Monday through Friday from 7:00 a.m. to 5:30 p.m. with a half hour lunch break and Saturday from 7:00 a.m. to 3:30 p.m.

36. During this time, Leon worked 58.5 hours each week.

37. During their employment, plaintiffs were paid by the hour.

38. During their employment, plaintiffs punched in when their shifts began and punched out when their shifts ended.

39. During their employment, plaintiffs were paid biweekly.

40. During their employment, plaintiffs were paid by check.

41. During their employment, plaintiffs were paid straight time for all the hours that they worked each week.

42. During their employment, plaintiffs were not paid overtime compensation.

43. During their employment, plaintiffs were not paid time and a half their regular rates of pay when they worked more than 40 hours each week.

44. Defendants managed plaintiffs' employment, including the amount of overtime worked.

45. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

46. Defendants were aware of plaintiffs' work hours, but failed to pay plaintiffs the full amount of wages to which they were entitled for this work time under the law.

47. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

48. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

49. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

50. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

51. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2015, 2014, and 2013 was not less than $500,000.00.

52. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

54. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiffs overtime compensation as required by the FLSA.

55. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

56. However, none of the Section 13 exemptions apply to the Plaintiffs because they have not met the requirements for coverage under the exemptions.

57. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

58. Defendants have not acted in good faith with respect to the conduct alleged herein.

59. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

60. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

61. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

63. By the above-alleged conduct, Defendants failed to pay the Plaintiffs overtime compensation as required by the New York Labor Articles.

64. By the above-alleged conduct, Defendants have failed to pay the Plaintiffs overtime compensation for the time periods in which they worked in excess of forty hours a week for defendants.

65. Plaintiffs are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

66. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

67. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL FAILURE TO PROVIDE WAGE NOTICES

68. Defendants willfully failed to furnish Plaintiffs with wage notices during the entirety of their employment, including the dates of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof;

the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

69. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

70. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL FAILURE TO PROVIDE WAGE STATEMENTS

71. Defendants willfully failed to provide Plaintiffs written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

72. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

73. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:
  1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;
  2. Willfully violated overtime provisions of the FLSA;
  3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiffs;
  4. Willfully violated the overtime provisions of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

    D.    Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

    E.    Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
       April 15, 2016

*[signature]*

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiffs
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Remachi v. Brzozka Industries d/b/a Felber Metal Fabricators** n order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
       February 17, 2016

_____
Omar Remachi

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Brzozka Industries, Inc. d/b/a Felber Metal Fabricator Corp.** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Brzozka Industries, Inc. d/b/a Felber Metal Fabricator Corp.** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Lino Leon

_____
53 Carvet Blvd.

_____
Bellport, NY,

- 1 -

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Brzozka Industries, Inc.** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Brzozka Industries, Inc** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date: 2/25/16

_[signature]_
Firma (Signature)

Juan Paulo Escalante

16 Bita Dr.

Central Islip, NY,

- 1 -